## City of Erie, Appellant, *v.* Public Service Commission et al.

Argued April 17, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*S. L. Gilson*, Special Counsel for City of Erie, and with him *J. B. Held*, City Solicitor, and *T. P. Dunn* and *Henry MacDonald*, Assistant City Solicitors, for appellant.

*John Fox Weiss*, Counsel for The Public Service Commission of the Commonwealth of Pennsylvania, and with him *Daniel H. Kunkel*, Legal Assistant, and *E. Everett Mather, Jr.*, Assistant Counsel, for appellee.

*Chas. H. English* of *English, Quinn, Leemhuis & Tayntor*, for intervening appellee.

Opinion by Trexler, P. J., July 8, 1931:

This is the second appeal by the City of Erie against an order of the Public Service Commission in relation to the rates of the Mutual Telephone Company. The City of Erie appealed from the order of the Public

Service Commission of January 4, 1928, dismissing the complaint of the City of Erie against the tariff of the Mutual Telephone Company, effective April 1, 1926. This court on March 1, 1929, sustained the report of the commission, the case being reported in 96 Superior Ct., 42, Judge CUNNINGHAM speaking for the court.

The matter was not allowed to rest, for on the 27th of September, 1929, the City of Erie again presented its complaint to the Public Service Commission stating that the income produced for the calendar years, 1926, 1927, 1928, and for the portion of the year 1929 that had passed, were much in excess of that anticipated by the testimony before the commission and that the operating expenses for the corresponding time were materially reduced.

The Public Service Commission, after reviewing the matters presented, find that in 1927, there was a deficit below a fair return of approximately $13,000, and in 1928 and 1929, there were excesses of about $58,000 and $50,000, respectively. The commission found that the three year period under review was one of internal reorganization and adjustment for respondent, not only of its operating organization but also of its managerial policies. Property that was not useful and excluded by the commission on the former finding of fair value, had been remodelled and is now used by the company and obligations for capital expenditures on account of other needed properties had been assumed, the organization was found to be too small to successfully handle the affairs of the company and to serve increasing demands and the company was about to enter upon a program of additions and betterments.

The commission concludes: "Under the unusual conditions of change and development which have been shown in this proceeding, the revenues of the respondent adjust themselves with reasonable approximation

to the fair return which the commission found in the former proceeding to be just and reasonable.''

The apparent excess over the usual seven per cent which appears in the years 1928 and 1929 is to a certain extent overbalanced by the deficit in the year 1927. We think the case is not ripe for decision. Even taking the years where the excess appears, it is not so great as to require immediate action in order to save the public from exorbitant rates. When affairs have reached some degree of permanency, the commission will be in a better position to adjust matters so as to give the company a proper return on its capital and afford the public a fair rate for the service rendered.

We believe that for the present, the finding of the Public Service Commission should remain and that if things change in the future, readjustment may be had, for we cannot tell whether next year may show a deficit in the operation of this company or an increased earning. While there is no fixed rule that there should be a period of repose between applications to the Public Service Commission, for a change of rates, we feel there should be some assurance before rates are fixed that they are the result of a sufficient period of time to justify the conclusion that they will at least have some degree of permanence. If the opinion of the Commission that the present rates are fair is not borne out by the experience of the Company, the way is open to have them adjusted to the the new conditions that may arise.

The order is affirmed.